1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

9

10  JOVANNA EDGE, an individual; LEAH
    HUMPHREY, an individual; LIBERTY
11  ZISKA, an individual; AMELIA POWELL, an
    individual; NATALIE BJERKE, an individual;
12  BRITTANY GIAZZI, an individual;
    JUANITA CASTANEDA GUERRERO, an
13  individual; and MATTESON HERNANDEZ,
    an individual,
14
15              Plaintiffs,
16
17       v.
18  CITY OF EVERETT, a Washington
    Municipal Corporation,
19
20              Defendant.

Case No. 2:17-cv-01361

**COMPLAINT**

21

22       Plaintiffs Jovanna Edge, Leah Humphrey, Liberty Ziska, Amelia Powell, Natalie Bjerke,

23  Brittany Giazzi, Juanita Castaneda Guerrero, and Matteson Hernandez (together, the

24  "*Baristas*") allege for their complaint against the Defendant, the City of Everett (the "*City*"), on

25  personal knowledge as to their own activities and on information and belief as to the activities of

26  others, as follows:

27
28

COMPLAINT - 1
[2:17-cv-01361]

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

## NATURE OF THE CASE

1. This action challenges the constitutionality of two new City of Everett ordinances.

2. The first ordinance (No. 3559-17) (the "*Citywide Ordinance*") is a citywide restriction that prohibits women from exposing "more than one-half of the part of the female breast located below the top of the areola" and the "bottom one-half of the anal cleft." A woman displaying more than 25% of her breast area or the lower half of her anal cleft is a criminal—facing up to a year in jail and a $5,000 fine. Anyone who "permits, encourages, or causes to be committed" the wearing of a bikini that violates the law is also now a criminal under Everett law.

3. To properly enforce the Citywide Ordinance, police must first determine the location of the "top of the areola," which is only revealed when a woman exposes her breast. Next, the suspect woman must undergo a humiliating and intrusive examination so the officer can calculate whether her clothing choice exposes more than the law allows. If police suspect a violation, officers may view, evaluate, and take measurements from a woman's breast areola or anal cleft. It is unlikely that most citizens would be able to determine the location of their anal cleft, as it is not a term used in everyday speech and has varying definitions on the internet.

4. The second ordinance (No. 3560-17) (the "*Dress-Code Ordinance*") is a dress code that applies to drive-through coffee stands. It requires workers to cover completely their upper and lower body, including the pectorals, stomach, back below the shoulder blades, and the "top three inches of legs below the buttocks." The length of a common woman's shirt is often short enough that stretching or bending would reveal part of her back or stomach. Wearing that attire expressly violates the Dress-Code Ordinance.

5. The plaintiff Baristas earn their living working at bikini-barista stands. They wear bikinis while serving coffee to customers in their cars through a drive-through window. They express messages of freedom, openness, acceptance, empowerment, and individuality. By exposing who they are as people through tattoos, scars, and the bikinis that they choose to wear, the Baristas exchange conversations with customers about life experiences, personal choices, and other topics that would not otherwise occur. The Baristas cannot express these messages and prompt these discussions without the unique expression that wearing a bikini provides.

COMPLAINT - 2
[2:17-cv-01361]

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

6.      The two new Everett ordinances violate the Baristas' First Amendment rights under the United States Constitution to express themselves in their choice of dress. The ordinances also violate the Fourteenth Amendment right to privacy, personal autonomy, and liberty. The ordinances violate substantive due-process because they are not rationally related to preventing crime. And they are unconstitutionally vague because Everett citizens cannot tell which clothing is acceptable and which is criminal.

7.      The Baristas seek a judicial declaration that both ordinances are unconstitutional, and injunctive relief preventing enforcement.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1367(a) because claims alleged in this complaint arise under the laws of the United States and the United States Constitution.

9.      This Court has personal jurisdiction over the City of Everett because it is located, and enacted the challenged ordinances, in the State of Washington.

10.     Venue is proper under 28 U.S.C. § 1391 (b)(1)-(2) because the City of Everett is located, and committed the acts and omissions at issue, within the portion of the State of Washington that this Court serves.

11.     The Seattle division of this Court is proper because it serves Snohomish County where the City of Everett is located and where the plaintiffs earn their living.

## PARTIES

12.     Plaintiff Jovanna Edge is an individual and resident of Monroe, Washington. Edge owns and operates a chain of drive-up coffee businesses, and specifically bikini-barista stands, in Everett, Washington.

13.     Plaintiff Leah Humphrey is an individual and resident of Fall City, Washington. Humphrey earns her living as a bikini barista in Everett, Washington.

14.     Plaintiff Liberty Ziska is an individual and resident of Mukilteo, Washington. Ziska earns her living as a bikini barista in Everett, Washington.

COMPLAINT - 3
[2:17-cv-01361]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

15.     Plaintiff Amelia Powell is an individual and resident of Seattle, Washington. Powell earns her living as a bikini barista in Everett, Washington. She is also a student at a prominent four-year university in the Seattle area. She is pursuing a double major in international relations and political science. She expects to graduate with a bachelor's degree in 2018.

16.     Plaintiff Natalie Bjerke is an individual and resident of Snohomish, Washington. Bjerke earns her living as a bikini barista in Everett, Washington.

17.     Plaintiff Brittany Giazzi is an individual and resident of Kirkland, Washington. Giazzi earns her living as a bikini barista in Everett, Washington.

18.     Plaintiff Juanita Castaneda Guerrero is an individual and resident of Bothell, Washington. Guerrero earns her living as a bikini barista in Everett, Washington.

19.     Plaintiff Matteson Hernandez is an individual and resident of Everett, Washington. Hernandez earns her living as a bikini barista in Everett, Washington. She is also employed as a dental assistant.

20.     The "*Baristas*" as used in this complaint means all plaintiffs.

21.     Defendant City of Everett (the "*City*") is a Washington municipal corporation located within the area of the State of Washington that this Court serves.

## FACTS

**A.     The Baristas earn a living serving coffee while wearing bikinis.**

22.     A drive-through coffee stand is a business that sells coffee drinks, non-alcoholic beverages, and food items to customers who never leave their cars.

23.     A bikini-barista stand is like any other drive-through coffee stand, except the employees—all women—are dressed in bikinis.

24.     No men have ever worked as bikini baristas.

25.     Women who work at bikini-barista stands include students, single mothers, and women who depend upon the job to earn a living.

26.     Many women who work at bikini-barista stands earn money they otherwise could not, due to lack of higher education, experience, or opportunity. These women rely on the flexible schedule to accommodate school and childcare.

COMPLAINT - 4
[2:17-cv-01361]

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

27.    Customers enjoy being served by a friendly bikini barista. Customers tend to pay tips to bikini baristas that far exceed regular coffee shops.

28.    Plaintiff Edge owns and operates bikini-barista stands in Everett, Washington.

29.    The other plaintiffs are employed as bikini baristas in Everett, Washington.

**B.    Plaintiffs wear bikinis to express personal and political messages.**

30.    The Baristas dress in bikinis to express political and personal viewpoints. The amount of body covered is a key element of these expressions.

31.    By wearing a bikini at work, the Baristas express a uniquely outgoing, friendly, and independent message that makes customers more comfortable around them in a way that would never happen if they dressed conservatively.

32.    The Baristas express messages of freedom, empowerment, openness, acceptance, approachability, vulnerability, and individuality.

33.    Wearing a bikini at work allows the Baristas to open conversations with customers about body image and self-confidence that would not be possible in other attire.

34.    Plaintiff Natalie Bjerke will testify that women dressed in bikinis at a bikini-barista stand creates messages of empowerment and approachability, and that without the bikini the customers would not receive the same messages.

35.    Ms. Bjerke was employed at Starbucks before she became a bikini barista. She will testify that the bikini-barista message is more genuine, friendly, and empowered than the Starbucks message. At Starbucks, the message is more corporate and professional. At Starbucks, the attire is a little intimidating and does not allow for dialogue that arises because of the bikini. Ms. Bjerke will testify that at "the bikini stand we have conversations that never would happen at Starbucks. The bikini is an invitation to discuss. It makes the customers more open to be themselves because they see us as individuals. They see us as open and expressive in our bikinis and they feel they can open up."

36.    Plaintiff Liberty Ziska will testify about the message she sends by wearing a bikini: "for me, the message I send is freedom…Millions of women fought for our rights and right to vote, and it's my right to wear what I want. It's my right as a person."

COMPLAINT - 5
[2:17-cv-01361]

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

37.     Plaintiff Leah Humphrey will testify that "I don't see being in a bikini as being sexual. For me it is more about accepting myself, and being accepted by the people around me. I have changed as a person by being able to express myself as a bikini barista. Being able to express myself in this way has changed me as a person in a deeper way than what is obvious."

38.     Plaintiff Matteson Hernandez will testify that the Baristas' expression is "not a sexual message, more a message of empowerment."

39.     Plaintiff Amelia Powell will testify that the message the Baristas communicate by wearing bikinis at work is "we are young and fun and confident." She cannot express that message, or at least not in the way she prefers, with different clothing.

40.     Some of the Baristas have tattoos on their torsos, backs, and upper thighs that incorporate expressive speech, including personal and political statements. Plaintiffs use these tattoos to further discussions with customers about topics they are passionate about.

41.     Plaintiff Brittany Giazzi has tattoos and piercings that she proudly displays in the bikini-barista stand. She cannot reveal this part of herself if she wears more than a bikini. Customers often ask her about them, which opens conversations. Ms. Giazzi will testify that the message she sends, by wearing a bikini with tattoos and piercings displayed, is confidence.

42.     Plaintiff Liberty Ziska has expressive tattoos on her legs, arms, wrists, back, neck, stomach, and hip. She will testify that most "of them are not visible if I have to wear the clothing the ordinance demands. I get lots of questions from customers about my tattoos - they ask me how, why, who, what. Tattoos in particular I feel passionate about getting them and sharing them, because you put them on your body forever."

43.     Ms. Humphrey has scars that she reveals when she wears a bikini that are part of her identity and personal history. Her scar from a childhood accident tells "a personal story about my own growth and how far I've come and I share that story with customers, who open up about their own stories."

44.     Just like Starbucks with green aprons, UPS with brown trucks and outfits, and Hooter's with short-orange shorts, the Baristas' attire evokes a message at work. These women wear bikinis while serving coffee. The Baristas use bikinis to portray a fun and happy-go-lucky

1  image that gives customers a quick break from their daily lives. The bikini allows customers to

2  imagine for a moment that they are relaxing at the beach or on vacation.

3      45.    The Baristas could not portray this message with another uniform.

4  **C.    The City just enacted two ordinances, one which restricts dress citywide and another**

5          **imposing a dress code on bikini baristas.**

6      46.    Everett is a city of approximately 100,000 people located in Snohomish County,

7  Washington.

8      47.    Everett has public places where its citizens and visitors dress in a variety of clothing.

9      48.    Public places in Everett include beaches, parks, and public thoroughfares.

10      49.    On September 5, 2017, Everett enacted two new ordinances.

11      50.    Ordinance No. 3559-17 is entitled "An Ordinance Relating to Lewd Conduct,

12  Amending Ordinance No. 1145- 85 as Amended (Chapter 10.24 EMC)." The Citywide

13  Ordinance is **Attachment 1** to this complaint.

14      51.    Ordinance No. 3560-17 is entitled "An Ordinance concerning the regulation of

15  Quick Service Facilities including Barista Stands." The Dress-Code Ordinance is **Attachment 2**

16  to this complaint.

17      52.    The "*Ordinances*" as used in this complaint means the Citywide Ordinance and

18  Dress-Code Ordinance together.

19      53.    For many years prior to the enactment of the Ordinances, the City had a lewd

20  conduct ordinance, specifically Ordinance No. 1145-85 as codified in Everett Municipal Code

21  Chapter 10.24 (the "*Lewd-Conduct Ordinance*") which prohibits in public places: (1) An exposure

22  of one's genitals, anus, or any portion of the areola or nipple of the female breast; or (2) The

23  touching, caressing or fondling of the genitals or female breasts; or (3) Masturbation; or

24  (4) Sexual conduct.

25      54.    The Baristas do not challenge the Lewd-Conduct Ordinance as it existed before the

26  the Citywide Ordinance amended it. [But it is worth noting that the previous Lewd-Conduct

27  Ordinance criminalized a woman for touching her breasts in public, perhaps for no other

28  purpose than to adjust the fit of a bra, which certainly raises constitutional questions.]

COMPLAINT - 7
[2:17-cv-01361]

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

55.     The previous Lewd-Conduct Ordinance is sufficient to regulate the conduct that the City seeks to regulate by enacting the new Ordinances.

56.     The Citywide Ordinance amends the previous Lewd-Conduct Ordinance by adding two additional prohibitions: the display of either (1) the "bottom one-half of the anal cleft" or (2) "more than one-half of the part of the female breast located below the top of the areola."

57.     The Citywide Ordinance is not clearly written.

58.     The Citywide Ordinance is vague and ambiguous.

59.     The City provides no guidance about how to determine what the City means by "bottom one-half of the anal cleft" and "more than one-half of the part of the female breast located below the top of the areola."

60.     Women throughout the City of Everett must guess at what is lawful attire under the Citywide Ordinance.

61.     The Citywide Ordinance is not rationally related to preventing crime or any other state interest.

62.     To properly enforce the Citywide Ordinance, a police officer must determine the location of the "top of a woman's areola," which can only be seen by exposing the breast. This would subject women to humiliating and offensive searches.

63.     The Dress-Code Ordinance specifically targets bikini-barista stands.

64.     The Dress-Code Ordinance requires baristas to completely cover their "upper and lower body (breast/ pectorals, stomach, back below the shoulder blades, buttocks, top three inches of legs below the buttocks, pubic area and genitals)."

65.     The Dress-Code Ordinance prohibits women in "Quick Service Facilities including Barista Stands" from wearing exactly what women typically wear in public on a warm summer day.

66.     The Dress-Code Ordinance is not clearly written.

67.     The Dress-Code Ordinance is vague and ambiguous.

68.     The City provides no guidance to determine what the City means by "upper and lower body (breast/pectorals, stomach, back below the shoulder blades, buttocks, top three

COMPLAINT - 8
[2:17-cv-01361]

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

inches of legs below the buttocks, pubic area and genitals)."

69.     For example, the City does not identify where pectorals end. Women cannot determine whether they may expose part of the area below the collarbone or whether that would constitute part of the pectorals requiring clothing coverage.

70.     Women cannot determine where "back below the shoulder blades" begins. Some women do not naturally have visible shoulder blades.

71.     Women cannot determine what type of clothing is lawful under the Dress-Code Ordinance.

72.     Women cannot determine whether certain common shirt styles like tank tops, halter tops, or v-neck shirts would violate the Dress-Code Ordinance.

73.     Plaintiff Natalie Bjerke will testify that "I tried to draw a diagram to figure out what the Ordinances are trying to say. Even looking up the words, I really am confused as to what the Ordinances say. I don't know what that looks like. I don't get it."

74.     The City claims that the Ordinances are designed to ward against crime, the spread of sexually transmitted diseases, corruption of minors, and adverse impacts upon aesthetics and property values of surrounding neighborhoods and businesses.

75.     The City's legislative record does not support its conclusion that the Ordinances will meet these goals.

76.     The Dress-Code Ordinance abolishes all bikini-barista stands in Everett, which puts many women out of work, including the plaintiffs Baristas.

77.     The Dress-Code Ordinance prevents the Baristas from freely expressing their viewpoints and opinions through their clothing, tattoos, and scars.

78.     The Dress-Code Ordinance deprives the Baristas of their right to choose their occupation.

**D.     Police lack guidance about how to enforce the Ordinances, and the Ordinances are likely to result in police abuse and further violation of women's liberty interests.**

79.     The Citywide Ordinance does not provide guidance for police about how to enforce it.

COMPLAINT - 9
[2:17-cv-01361]

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

80.     To enforce the Citywide Ordinance, police officers must stop women they suspect of violating the law and require those women to undress to expose their entire anal cleft so that police can determine which part is the "bottom one-half of the anal cleft," which would allow the police to measure if it is properly covered.

81.     To enforce the Citywide Ordinance, police officers must stop women they suspect of violating the law and require those women to undress to expose their entire breasts so that police can measure from "the top of the areola" to determine whether "more than one-half of the part of the female breast located below the top of the areola" is covered.

82.     Women with larger areola or breasts are subject to different restrictions than women with smaller areola or breasts.

83.     But police cannot determine which women suspects have large areole requiring a certain length of clothing, and which women suspects have small areole requiring a different length, without requiring the suspected women to undress.

84.     The Ordinances will lead to abuse.

85.     Police have already shown a propensity to harass the Baristas.

86.     Police frequently go to bikini-barista stands undercover and ask workers to remove bikinis in exchange for large tips.

87.     Amelia Powell will testify that she has felt harassed by police at the stand and on one occasion she was followed by police from a bikini-barista stand after she left work.

88.     Police will now have cause to require women to undress and be searched, which would violate their liberty and privacy interests, and Fourth Amendment right to be free from unreasonable searches.

**E.     The Baristas are suffering harm.**

89.     The Baristas have suffered and continue to suffer injury.

90.     The Baristas have suffered, and continue to suffer, loss of income.

91.     The Baristas have suffered, and continue to suffer, loss of First Amendment freedoms.

92.     The Baristas have suffered, and continue to suffer, deprivation of the right to choose their occupation.

93.     The Baristas have suffered, and continue to suffer, loss of their ability to express themselves through clothing choices at work.

94.     The Baristas have suffered, and continue to suffer, loss of business goodwill.

95.     Plaintiff Jovanna Edge has lost, and is continuing to lose, business at her bikini-barista stands.

**FIRST CAUSE OF ACTION**
**Free Speech:**
**First Amendment, United States Constitution**

96.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

97.     The Baristas use their clothing to convey multiple messages, including female empowerment, positive body image, freedom of choice, and personal and political viewpoints.

98.     The bikini is essential to these messages.

99.     In a society where much focus is placed on body image, working while confidently dressed in a bikini portrays a powerful message of fearless body acceptance and freedom from judgment. The Baristas use bikinis to convey their body acceptance and pride.

100.    The Baristas also use bikinis as a branding message while selling coffee.

101.    By wearing a bikini while serving coffee, the Baristas communicate the messages of approachability and friendliness, and those messages give customers an escape—the feeling that they are at the beach or on vacation.

102.    The City's two new ordinances seek to restrict the plaintiffs' expressive messages through the way they dress and force the Baristas to dress in a way that does not allow them to express their views.

103.    The Dress-Code Ordinance prohibits the plaintiffs and other bikini baristas from showing any part of their "breast/pectorals, stomach, back below the shoulder blades, buttocks, top three inches of legs below the buttocks" while they are working at a bikini-barista stand.

COMPLAINT - 11
[2:17-cv-01361]

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

104.     The Dress-Code Ordinance requires the baristas to cover their tattoos, scars, and bodies, and dress in a way in which they are unable to express their messages.

105.     The Dress-Code Ordinance is so restrictive that Plaintiffs are required to dress in a manner they might never choose to be in, and which they would never wear outside of the barista stand.

106.     The Citywide Ordinance prohibits the Baristas and all women in Everett from displaying the "bottom one-half of the anal cleft" or "more than one-half of the part of the female breast located below the top of the areola" in all public places.

107.     The Citywide Ordinance requires all women in Everett to cover more than three-quarters of their breasts while in public areas.

108.     The Ordinances, on their face and as applied, abridge freedom of speech in violation of the First Amendment to the United States Constitution.

109.     Because of the Ordinances, the Baristas are unable to convey their messages of female empowerment, positive body image, and personal and political viewpoints while they are working and on their free time in public areas in Everett.

110.     The Ordinances, on their face and as applied, are content-based and viewpoint-based restrictions on speech because they impermissibly burden and chill the exercise of the Baristas' constitutionally-protected speech, expression, and expressive conduct.

111.     The Dress-Code Ordinance, on its face and as applied, specifically targets a group of people because Everett does not agree with their message.

112.     The Dress-Code Ordinance identifies the type of speech the regulation is intended to prevent: "barista stands with employees dressing in a manner that is closely and customarily associated with adult entertainment or adult situations."

113.     The Dress-Code Ordinance specifically only regulates the content of speech that is common and fundamental at a bikini barista stand and regulates only the class of people who promote that speech.

114.     The Ordinances, on their face and as applied, do not serve a compelling state interest and are not narrowly tailored to serve that interest.

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

115.   The City's stated interests in enacting the Ordinances are to ward against crime, the spread of sexually transmitted diseases, corruption of minors, and adverse impacts upon aesthetics and property values of surrounding neighborhoods and businesses.

116.   But the Ordinances do not help achieve the City's stated interests.

117.   The City implemented the Ordinances to completely suppress the messages of bikini-barista employees and female residents of Everett who dress in a manner that the City does not approve of.

118.   The Ordinances, on their face and as applied, do not leave open ample channels of communication.

119.   The Ordinances' restrictions are greater than essential to further the City's interest.

120.   Less-restrictive alternatives exist for the City to achieve its stated interests than the Ordinances provide.

121.   For example, the City can achieve its stated interests by enforcing its previous Lewd-Conduct Ordinance rather than implementing the Ordinances which squelch the expressive messages of bikini baristas and women throughout Everett.

122.   Under 28 U.S.C. § 2201, the Baristas request that the Court declare the Ordinances unconstitutional violations of the right to free expression under the First Amendment to the United States Constitution.

**SECOND CAUSE OF ACTION**
**Equal Protection:**
**Fourteenth Amendment, United States Constitution**

123.   Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

124.   The Ordinances, on their face and as applied, violate the Equal Protection Clause of the Fourteenth Amendment.

125.   The Dress-Code Ordinance prohibits the plaintiffs and other bikini baristas from showing any part of their "breast/pectorals, stomach, back below the shoulder blades, buttocks, top three inches of legs below the buttocks" while they are working at a bikini barista stand.

COMPLAINT - 13
[2:17-cv-01361]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

126.     The City is targeting conduct at bikini-barista stands, namely bikini wearing.

127.     The City knows only women work as bikini baristas, and intentionally targeted women through the Ordinances.

128.     The Citywide Ordinance prohibits the Baristas and all women in Everett from displaying "more than one-half of the part of the female breast located below the top of the areola."

129.     The Citywide Ordinance requires all women, not men, in Everett to cover more than three-quarters of their breasts while in public areas.

130.     Portions of the Citywide Ordinance only apply to women, specifying restrictions applicable only to the "female breast."

131.     Women are a protected class.

132.     The Ordinances are not substantially related to the achievement of any important government interest.

133.     There is no exceedingly persuasive justification for singling out women from men in the Ordinances for the City to achieve its interests.

134.     Singling out women in the Ordinances has no connection to public health, safety, or welfare.

135.     Singling out women-only businesses for intensive and business-destroying regulation is an equal-protection violation.

136.     The Baristas were intentionally discriminated against based on their membership in the protected class.

137.     The Baristas suffer ongoing and irreparable harm from the discriminatory Ordinances.

138.     Under 28 U.S.C. § 2201, the Baristas request that the Court declare the Ordinances unconstitutional violations of the right of equal protection under the Fourteenth Amendment to the United States Constitution.

COMPLAINT - 14
[2:17-cv-01361]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**THIRD CAUSE OF ACTION**
**Void for Vagueness:**
**Fourteenth Amendment, United States Constitution**

139.   Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

140.   A fundamental requirement of due process is that an ordinance must clearly delineate the conduct it proscribes.

141.   Where First Amendment freedoms are at stake, an even greater degree of specificity and clarity of laws is required.

142.   The Ordinances are unconstitutionally vague, on their face and as applied, in violation of the due process guarantee of the Fourteenth Amendment.

143.   The Citywide Ordinance prohibits the Baristas and all women in Everett from displaying "more than one-half of the part of the female breast located below the top of the areola."

144.   The Citywide Ordinance is unclear and vague because it requires women to guess at what is prohibited when it states that a woman may not display "more than one-half of the part of the female breast located below the top of the areola."

145.   The Citywide Ordinance does not explain what it means by the term "breast" and whether the definition includes the sternum, pectoral muscles, or side of the breasts.

146.   The Citywide Ordinance also does not define what "top of the areola" means and where exactly the areola stops.

147.   The Citywide Ordinance does not provide how police will determine where the top of the areola is on a woman suspected of violating the law, and whether a violation has occurred.

148.   The Dress-Code Ordinance prohibits women from showing any part of their "breast/pectorals, stomach, back below the shoulder blades, buttocks, top three inches of legs below the buttocks" while they are working at a bikini barista stand.

149.   The Dress-Code Ordinance is unclear and vague because it does not define what is included in the stated body parts in a way that allows women to know what clothing is appropriate.

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1    150.    For example, it is unclear if "breast/pectorals" includes the sternum, pectoral

2  muscles, or side of the breasts.

3    151.    The Ordinances offer no guidance on how law enforcement should enforce these

4  ambiguous laws.

5    152.    For example, an officer cannot measure "one-half of the part of the female breast

6  located below the top of the areola" without first examining the areola.

7    153.    This will require women to undress and be subjected to breast measurement if the

8  officer suspects coverage may be inadequate.

9    154.    Women with larger breasts or areola will be arbitrarily subject to more onerous

10  restrictions than women with smaller body parts.

11    155.    The Ordinances are so vague that persons of common intelligence must guess at

12  their meaning.

13    156.    The Ordinances fail to adequately advise, notify, or inform persons that their

14  contemplated conduct is forbidden.

15    157.    Plaintiffs do not have fair notice of what types of dress are permitted and prohibited

16  under the Ordinances.

17    158.    Plaintiffs suffer ongoing and irreparable harm by the discriminatory Ordinances.

18    159.    Under 28 U.S.C. § 2201, the Baristas request that the Court declare the Ordinances

19  unconstitutional, and void for vagueness, under the Fourteenth Amendment to the United States

20  Constitution.

21
**FOURTH CAUSE OF ACTION**
**Substantive Due Process:**
22
**Fifth and Fourteenth Amendments, United States Constitution**

23    160.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth

24  herein.

25    161.    The Ordinances deprive the Baristas of their liberty rights under the Fifth and

26  Fourteenth Amendments to the United States Constitution.

27    162.    By banning bikinis and enforcing a strict dress-code, the Ordinances deprive the

28  Baristas of their liberty right to dress in the manner they so choose.

COMPLAINT - 16
[2:17-cv-01361]

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

163.    The Dress-Code Ordinance also deprives the Baristas of their liberty right to engage in the occupation of their choice.

164.    Because of the Dress-Code Ordinance, the plaintiffs will no longer be able to work as bikini-baristas because bikini-barista stands are now prohibited.

165.    The Baristas will need to find work in other occupations where they will likely make fifty to seventy-five percent less in annual income.

166.    The City does not have a legitimate interest that is rationally related to the Ordinances.

167.    The City did not have a rational basis for enacting the Ordinances.

168.    The Ordinances have no substantial relation to public health, safety, morals, or general welfare.

169.    The City's interests will not be achieved by requiring women to wear more clothing.

170.    The City has less-restrictive alternatives to achieving its interests than depriving the Baristas of their right to choose their clothing and occupation.

171.    For example, the City can achieve its stated interests by enforcing its previous Lewd-Conduct Ordinance.

172.    Because of the Ordinances, the Baristas are suffering and will continue to suffer irreparable harm because they have lost their liberty rights to choose their dress and occupation.

173.    Under 28 U.S.C. § 2201, the Baristas request that the Court declare the Ordinances unconstitutional as violations of the Fifth and Fourteenth Amendments to the United States Constitution.

**FIFTH CAUSE OF ACTION**
**Free Speech:**
**Article I, Section 5 Washington State Constitution**

174.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

175.    The Baristas use their clothing to convey expressive messages.

176.    The City's two new ordinances seek to restrict the Baristas' expressive messages through the way they dress and force the Baristas to dress in a way that does not allow them to

COMPLAINT - 17
[2:17-cv-01361]

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1    express their messages.

2    177.    The Ordinances, on their face and as applied, abridge the Baristas' freedom of

3    speech in violation of Article I, Section 5 of the Washington State Constitution.

4    178.    The Ordinances, on their face and as applied, are content-based and viewpoint-

5    based restrictions on speech because they impermissibly burden and chill the exercise of the

6    Baristas' constitutionally protected speech, expression, and expressive conduct.

7    179.    The Ordinances, on their face and as applied, do not serve a compelling state

8    interest and are not narrowly tailored to serve that interest.

9    180.    The City's stated interests are to ward against crime, the spread of sexually

10   transmitted diseases, corruption of minors, and adverse impacts upon aesthetics and property

11   values of surrounding neighborhoods and businesses.

12   181.    The Ordinances do not help achieve the City's stated interests.

13   182.    The City implemented the Ordinances to completely suppress the messages of

14   bikini-barista employees and women throughout Everett.

15   183.    The Ordinances, on their face and as applied, do not leave open ample channels of

16   communication.

17   184.    The Ordinances' restrictions are greater than essential to further the City's

18   interests.

19   185.    The City has less-restrictive alternatives available to achieve its interests than the

20   Ordinances provide.

21   186.    Under 28 U.S.C. § 2201, the Baristas request that the Court declare the Ordinances

22   unconstitutional as violations of Article I, Section 5 of the Washington State Constitution.

23                          **SIXTH CAUSE OF ACTION**
                           **Overbreadth, Void for Vagueness:**
24              **Article I, Section 5 Washington State Constitution**

25   187.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth

26   herein.

27   188.    The Ordinances are unconstitutionally vague on their face and as applied, in

28   violation of Article I, Section 5 of the Washington State Constitution.

189.   The Citywide Ordinance prohibits the Baristas and all women in Everett from displaying "more than one-half of the part of the female breast located below the top of the areola."

190.   The Citywide Ordinance is unclear and vague because it requires women to guess at what is prohibited when it states that a woman may not display "more than one-half of the part of the female breast located below the top of the areola." The Citywide Ordinance does not explain what the City means by the term "breast" and whether the definition includes the sternum, pectoral muscles, or side of the breasts. The Citywide Ordinance also does not define what "top of the areola" means and where exactly the areola stops.

191.   The Dress-Code Ordinance prohibits the Baristas from showing any part of their "breast/pectorals, stomach, back below the shoulder blades, buttocks, top three inches of legs below the buttocks" while they are working at a bikini barista stand.

192.   The Dress-Code Ordinance is unclear and vague because it does not define what is included in the stated body parts in a way that allows women to know what clothing is appropriate. For example, the Dress-Code Ordinance is unclear if "breast/pectorals" includes the sternum, pectoral muscles, or side of the breasts.

193.   The Ordinances offer no guidance on how law enforcement should enforce these ambiguous laws.

194.   For example, an officer cannot measure "one-half of the part of the female breast located below the top of the areola" without first examining the areola.

195.   This will require women to undress and be subject to breast measurement if the officer suspects coverage may be inadequate.

196.   Women with larger breasts or areola will be arbitrarily subject to more onerous restrictions than women with smaller body parts.

197.   The Ordinances are so vague that persons of common intelligence must guess at their meaning.

198.   The Ordinances fail to adequately advise, notify, or inform persons that their contemplated conduct is forbidden.

COMPLAINT - 19
[2:17-cv-01361]

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

199.    The Ordinances do not provide fair notice of what types of dress are permitted and prohibited.

200.    The Ordinances are overbroad and proscribe women from wearing clothing that expresses a substantial amount of their protected speech and expression, in violation of Article I, Section 5 of the Washington State Constitution.

201.    The Citywide Ordinance does not contain sufficient exemptions for non-obscene and non-lewd expression.

202.    There is no compelling state interest to justify the restriction of non-obscene, expressive conduct.

203.    The Baristas are suffering, and will continue to suffer, ongoing and irreparable harm by the discriminatory Ordinances because they are unable to convey their messages of female empowerment, positive body image, and personal and political viewpoints while they are working and on their free time in public areas in Everett.

204.    The Ordinances prohibit the Baristas from freely expressing their viewpoints and opinions through their clothing, tattoos, and scars.

205.    The Ordinances deprive the Baristas of their right to choose their occupation.

206.    Under 28 U.S.C. § 2201, the Baristas request that the Court declare the Ordinances unconstitutional because they are overbroad and void for vagueness under Article I, Section 5 of the Washington State Constitution.

**SEVENTH CAUSE OF ACTION**
**Equal Protection:**
**Article I, Section 12 Washington State Constitution**

207.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

208.    The Ordinances, on their face and as applied, violate Article I, Section 12 of the Washington State Constitution.

209.    The Dress-Code Ordinance prohibits the plaintiffs and other bikini baristas from showing any part of their "breast/pectorals, stomach, back below the shoulder blades, buttocks, top three inches of legs below the buttocks" while they are working at a bikini barista stand.

COMPLAINT - 20
[2:17-cv-01361]

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

210.    Only women work as bikini baristas.

211.    The Citywide Ordinance prohibits the Baristas and all women in Everett from displaying "more than one-half of the part of the female breast located below the top of the areola."

212.    This requires all women in Everett to cover more than three-quarters of their breasts while in public areas.

213.    The Ordinances only apply to women, who are members of a protected class.

214.    The Ordinances are not substantially related to the achievement of any important state interest.

215.    There is no exceedingly persuasive justification for singling out women from men in the Ordinances for the City to achieve its interests.

216.    Singling out women in the Ordinances has no connection to public health, safety, or welfare.

217.    Singling out women-only businesses for intensive and business-destroying regulation is an equal-protection violation.

218.    The City has intentionally discriminated against the Baristas based on their membership in the protected class.

219.    The Baristas suffer ongoing and irreparable harm by the discriminatory Ordinances.

220.    Under 28 U.S.C. § 2201, the Baristas request that the Court declare the Ordinances unconstitutional because they violate women's equal protection under Article I, Section 12 of the Washington State Constitution.

## EIGHTH CAUSE OF ACTION
### 42 U.S.C. § 1983

221.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

222.    The City of Everett, under color of the Ordinances, subjected the Baristas or caused them to be subjected to the deprivation of rights and privileges secured by the United States Constitution.

COMPLAINT - 21
[2:17-cv-01361]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

223. The City subjected the Baristas, or caused them to be subjected, to the deprivation of the right and privilege of free speech under the First Amendment to the United States Constitution.

224. The City subjected the Baristas, or caused them to be subjected, to the deprivation of the right and privilege of equal Protection under the Fourteenth Amendment to the United States Constitution

225. The City subjected the Baristas, or caused them to be subjected, to the deprivation of the right and privilege of substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

226. Because of the City's violation of their constitutional rights, the Baristas have suffered injury including, but not limited to, loss of income, loss of First Amendment freedoms, loss of their ability to express themselves through clothing choices at work, and loss of business goodwill.

227. Accordingly, the City is liable to the Baristas for an action at law.

228. The City is also liable to the Baristas for a suit in equity.

## REQUEST FOR RELIEF

Plaintiffs request the following relief:

1. A declaratory judgment that the Citywide Ordinance, City of Everett Ordinance No. 3559-17, is unconstitutional.

2. A declaratory judgment that the Dress-Code Ordinance, City of Everett Ordinance No. 3560-17, is unconstitutional.

3. A temporary, preliminary, and permanent injunction enjoining the enforcement of the Citywide Ordinance, City of Everett Ordinance No. 3559-17.

4. A temporary, preliminary, and permanent injunction enjoining the enforcement of the Dress-Code Ordinance, City of Everett Ordinance No. 3560-17.

5. Damages to be proven at trial under 42 U.S.C. § 1983.

6. Attorneys fees under 42 U.S.C. § 1988(b).

7. Costs as allowed by law.

COMPLAINT - 22
[2:17-cv-01361]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Respectfully submitted September 11, 2017.

**NEWMAN DU WORS LLP**

Derek A. Newman, WSBA #26967
*derek@newmanlaw.com*
Jessica V. Newman, WSBA #28080
*jessica@newmanlaw.com*
Keith Scully, WSBA #28677
*keith@newmanlaw.com*
Jason Sykes, WSBA #44369
*jason@newmanlaw.com*

Attorneys for Plaintiffs

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800