1

2

Honorable Marsha J. Pechman

3

4

5

6        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
7                 AT SEATTLE

8

9   JOVANNA EDGE, an individual; LEAH
    HUMPHREY, an individual; LIBERTY            No. 2:17-cv-01361-MJP
10  ZISKA, an individual; AMELIA POWELL, an
    individual; NATALIE BJERKE, an individual;  CITY OF EVERETT'S SURREPLY IN
11  BRITTANY GIAZZI, an individual; JUANITA     OPPOSITION TO MOTION FOR
    CASTANEDA GUERRERO, an individual;          PRELIMINARY INJUNCTION
12  and MATTESON HERNANDEZ, an
13  individual,

14                          Plaintiffs,

15       v.

16  CITY OF EVERETT, a Washington Municipal
17  Corporation,

18                          Defendant.

19

20          Pursuant to LCR 7(g), the City of Everett (the "City") respectfully requests that this

21  Court strike or otherwise not consider inadmissible testimony contained in or attached to

22  Plaintiffs' Reply to the City's Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt.

23  No. 36) and the Declaration of Hannah S. Ard filed in support of Plaintiffs' Reply to the City's

24  Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 37).  Ms. Ard's declaration

25  relies on inadmissible and unauthenticated information derived from websites.  Ms. Ard's

26

27

CITY'S SURREPLY IN OPPOSITION TO MOTION
FOR PRELIMINARY INJUNCTION- 1
Cause No. 2:17-cv-01361
20061 00005 gk071607mg

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

declaration uses that data to form improper opinions without foundation or personal knowledge. Ms. Ard's declaration, and the portion of Plaintiffs' Reply that relies on it, should be stricken.

First, Ms. Ard's declaration and pages 4:18-5:1, 9:22-24, and 10:2-5 of Plaintiffs' Reply improperly rely on online information and data, which are hearsay. *See, e.g., Ponds v. Veterans Med. Research Found.*, No. 12-cv-1745 BEN(BGS), 2013 WL 607847, at *3 n.1 (S.D. Cal. Feb. 15, 2013) ("Screen shots of internet web pages are not usually admissible to prove the truth of statements contained therein."); *Conroy v. Hewlett-Packard Co.*, No. 3:14-CV-01580-AC, 2016 WL 1276552, at *5 (D. Or. Mar. 31, 2016) (written contents of website were inadmissible hearsay). The screen shots at issue are from a website that compiles crime data with an unstated methodology or scope. Ms. Ard's declaration contains no substantive information about the website, nor any indication of how the website's crime data was gathered or prepared (i.e., the original source of the data, whether the website gathers data from all crimes or merely a limited subset, whether the website includes incidents that did not result in a police report being written or charges being filed, and so on).

Second, Ms. Ard asserts no personal knowledge of the contents or accuracy of the material derived from the websites she utilized. Under Fed. R. Evid. 901(a), she cannot authenticate this data. *See, e.g., In re Homestore.com, Inc., Sec. Litig.*, 347 F. Supp. 2d 769, 782 (C.D. Cal. 2004) (authentication of website printouts requires "some statement or affidavit from someone with knowledge"). The screen shots, Ms. Ard's statements and conclusions regarding the screen shots, and the corresponding portion of Plaintiffs' Reply brief, should be stricken on this additional ground. *See Lee v. Christian Coal. of Am., Inc.*, 160 F. Supp. 2d 14, 35 (D.D.C. 2001) (disregarding unauthenticated documentation supplied in connection with a motion for preliminary injunction).

CITY'S SURREPLY IN OPPOSITION TO MOTION
FOR PRELIMINARY INJUNCTION- 2
Cause No. 2:17-cv-01361
20061 00005 gk071607mg

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Finally, Ms. Ard's declaration and Plaintiffs' Reply at pages 4:18-5:1, 9:22-24, and 10:2-5 should be stricken for containing or relying on improper expert opinion testimony in violation of Fed. R. Evid. 702 and 703. As noted, Ms. Ard does not claim to have personal knowledge of the contents of her declaration or the underlying data. *See* Fed. R. Evid. 602, 701. She attempts to offer opinion evidence on local incidence of crime, yet fails to qualify herself as an expert in this field: "To be admissible, expert testimony must (1) address an issue beyond the common knowledge of the average layman, (2) be presented by a witness having sufficient expertise, and (3) assert a reasonable opinion given the state of the pertinent art or scientific knowledge." *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001). Ms. Ard nonetheless opines that the "incidence of crime in areas around the [bikini barista] stands is no higher than the incidence in other similar commercial areas." Dkt. No. 37 at 3 (¶ 15; *see also* ¶ 21). The basis for the theory or techniques Ms. Ard used to reach her conclusion is unclear (for example, the reasons for selecting certain geographic and temporal parameters to reach the opinions stated, similar limitations inherent in the data relied upon, and whether the information is statistically significant to support the conclusions). Such unsupported opinions do not meet the standard for reliability under Fed. R. Evid. 702 and should not be considered for this additional reason.[1]

DATED this 8th day of November, 2017.

CITY OF EVERETT

By  /s/Ramsey Ramerman
    Ramsey Ramerman, WSBA #30423

PACIFICA LAW GROUP LLP

By  /s/Matthew J. Segal
    Matthew J. Segal, WSBA #29797
    Sarah C. Johnson, WSBA #34529
    Jamie L. Lisagor, WSBA #39946
    Sarah S. Washburn, WSBA #44418

ATTORNEYS FOR DEFENDANT CITY OF EVERETT

---

[1] Nor can Plaintiffs rely on Fed. R. Evid. 703 with respect to the underlying data. Rule 703 provides that underlying facts and data need not be admissible if they are "of a type reasonably relied on by experts in the field in forming opinions or inferences upon the subject." Ms. Ard does not qualify as an expert for purposes of this rule.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1

2

## CERTIFICATE OF SERVICE

3        I hereby certify that on this 8th day of November, 2017, I electronically filed the

4

5   foregoing document with the Clerk of the United States District Court using the CM/ECF system

6   which will send notification of such filing to all parties who are registered with the CM/ECF

7   system.

8   Derek A. Newman, WSBA #26967
    Jessica V. Newman, WSBA #28080

9   Keith Scully, WSBA #28677
    Jason Sykes, WSBA #44369

10  NEWMAN DU WORS LLP
    2101 Fourth Avenue, Suite 1500

11  Seattle, WA 98121
    derek@newmanlaw.com

12  jessica@newmanlaw.com
    keith@newmanlaw.com

13  Jason@newmanlaw.com

14
    *Attorneys for Plaintiffs*
15

16        DATED this 8th day of November, 2017.

17
                                    _____
18                                       Dawn M. Taylor

19

20

21

22

23

24

25

26

27

CITY'S SURREPLY IN OPPOSITION TO MOTION
FOR PRELIMINARY INJUNCTION- 4
Cause No. 2:17-cv-01361
    20061 00005 gk071607mg

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750