UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDGE, et al.,

                              Plaintiffs,

        v.

CITY OF EVERETT,

                              Defendant.

No. 2:17-cv-01361-MJP

**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER**

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.      General Principles**

1.      An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.      The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan and when producing documents and ESI. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER** - 1
Cause No. 2:17-cv-01361

**B.      ESI Disclosures**

Within 30 days after the Rule 26(f) conference, or at a later time if agreed to by the parties, each party shall disclose:

1.      Custodians. The five custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.      Non-custodial Data Sources. A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.      Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.      Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.      Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1.      Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2.      All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that

**AGREEMENT REGARDING DISCOVERY OF**
**ELECTRONICALLY STORED INFORMATION**
**AND ORDER** - 2
Cause No. 2:17-cv-01361

data is created after a disclosure or response is made (unless excluded under (C)(3) or (G) below).

3.       Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

a.       Deleted, slack, fragmented, or other data only accessible by forensics.

b.       Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c.       On-line access data such as temporary internet files, history, cache, cookies, and the like.

d.       Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

e.       Back-up data that are substantially duplicative of data that are more accessible elsewhere.

f.       Server, system or network logs.

g.       Data remaining from systems no longer in use that is unintelligible on the systems in use.

h.       Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

4.  Nothing in this section relieves any obligation to preserve, protect, archive, recover and / or maintain copies of any images, videos, and all other responsive information that is currently or was previously posted to any social media platform, including but not limited to, Facebook, Twitter, Instagram, and the like.

**D.       ESI Discovery Procedures**

1.       <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.       <u>Search methodology.</u> The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before

**AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER** - 3
Cause No. 2:17-cv-01361

any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology.

In the absence of agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

a. A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

b. If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The 5 additional terms or queries, if any, must be provided by the requesting party within 14 days of receipt of the producing party's production.

c. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. Absent a showing of good cause, each search term or query returning more than 250 megabytes of data are presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large file types.

d. The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

3. Format.

a. The parties agree that ESI will be produced to the requesting party with searchable text; to address any issues that may arise regarding searchable text, the parties agree to meet and confer in good faith. Acceptable formats for production include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document

**AGREEMENT REGARDING DISCOVERY OF**
**ELECTRONICALLY STORED INFORMATION**
**AND ORDER** - 4
Cause No. 2:17-cv-01361

breaks and also includes companion OCR and/or extracted text files), and searchable PDF. Files that are not easily converted to image format, such as spreadsheet, database and drawing files, may be produced in native format. See Appendix "A" for party specific load file requirements. Each individual file will be renamed using a unique item identifier (similar to Bates number, but on a file -by-file basis versus a page-by-page basis).

       b.     <u>Metadata fields</u>.  The parties agree that, to the extent these fields are reasonably available, and are not privileged, work product protected, or exempt, the metadata fields listed in Attachment "B" will accompany ESI. To address any issues that may arise regarding metadata, the parties agree to meet and confer in good faith.

       c.     <u>Other documents</u>.  Files that are, in the ordinary course, maintained by custodians in a specific format may be Bates labeled and produced in that format, as further described below:

           i.  Readily paginated document types, such as Adobe PDFs, still images, and non-animated Power Point files may be produced as Bates stamped Adobe PDF files, with a file name that reflects the Bates number.

           ii.  File types that are not readily paginated such as most Excel spreadsheets, video files, and the like, may be produced in native format, with a file name that reflects the Bates number.

       d.     <u>Hard copy originals</u>.  Hard copy documents will be scanned, Bates labeled, and produced with an accompanying load file pursuant to this agreement. See Appendix "A" for party specific load file requirements. To address any issues that may arise regarding the production of hard copy originals, the parties agree to meet and confer in good faith.

       e.     <u>Color</u>.  If documents such as photographs, charts, graphs, or spreadsheets require color to have a clear understanding of the document content, the document will be produced in color and not black and white, unless the parties previously agree to production of the document in black and white.

**AGREEMENT REGARDING DISCOVERY OF**
**ELECTRONICALLY STORED INFORMATION**
**AND ORDER** - 5
Cause No. 2:17-cv-01361

f.    De-duplication.    The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

**E.  Third-Party / Non-Party Productions**

Upon request, a copy of any ESI or Documents produced by any non-party or third-party in response to a subpoena from any party to this litigation will be provided to the other party in the format in which it was received.

**F.  Service of Productions**

The Parties agree that productions made available to the requesting party via Hightail or another file transfer protocol service provider constitutes service, consistent with all applicable Civil and Local Rules.

**G.    Privilege**

1.    With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

2.    Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3.    Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.  The parties agree to follow the Civil and Local Rules regarding inadvertent disclosures, including but not limited to, Fed. R. Civ. P. 26(b)(5).

4.    The parties agree that privilege logs shall be provided within a reasonable time after the date agreed upon for final production in this matter.  Privilege logs shall include information sufficient to comply with the Civil and Local Rules, including but not limited to Fed. R. Civ. P. 26(b).

Respectfully submitted November 29, 2017

NEWMAN DU WORS LLP


By /s/ Rachel Horvitz
   Derek A. Newman, WSBA #26967
   Jessica V. Newman, WSBA #28080
   Keith Scully, WSBA #28677
   Jason Sykes, WSBA #44369
   Rachel Horvitz, WSBA #52987

Attorneys for Plaintiffs


PACIFICA LAW GROUP LLP

By /s/ Sarah C. Johnson
   Matthew J. Segal, WSBA #29797
   Sarah C. Johnson, WSBA #34529
   Jamie L. Lisagor, WSBA #39946
   Sarah S. Washburn, WSBA #44418


City of Everett
Ramsey Ramerman, WSBA #30423
*RRammerman@everettwa.gov*

  Attorneys for Defendant City of Everett

**AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER** - 7
Cause No. 2:17-cv-01361

**ORDER**

Based on the foregoing, IT IS SO ORDERED on this 14th day of December, 2017.

_____
Marsha J. Pechman
United States District Judge

**AGREEMENT REGARDING DISCOVERY OF**
**ELECTRONICALLY STORED INFORMATION**
**AND ORDER** - 8
Cause No. 2:17-cv-01361

# APPENDIX A

## TECHNICAL CONTACT INFORMATION

**Party:** **Plaintiffs Jovanna Edge, Leah Humphrey, Liberty Ziska, Amelia Powell, Natalie Bjerke, Matteson Hernandez**

Technical Liaison: Rachel Horvitz
Phone: (206) 274 - 2800
Email: rachel@newmanlaw.com

Preferred database load file format, image file format and any other specific requirements:

- Metadata load file: Concordance DAT

- For Native Files: Exported file path + file name should be contained in metadata load file.

- For Image Files: ASCII comma delimited containing exported file path + file name (.opt format).

- OCR and/or Extracted Text should be contained as separate .txt files named according to the corresponding native/image file. OCR/Extracted text should not be included with the metadata load file as a field.

**Party:** **Defendant City of Everett**

Technical Liaison: Nicole DeNamur
Phone: (206) 245-1731
Email: nicole.denamur@pacificalawgroup.com

Preferred database load file format, image file format and any other specific requirements:

- Metadata load file: Concordance DAT

- For Native Files: Exported file path + file name should be contained in metadata load file.

- For Image Files: ASCII comma delimited containing exported file path + file name (.opt format).

- OCR and/or Extracted Text should be contained as separate .txt files named according to the corresponding native/image file. OCR/Extracted text should not be included with the metadata load file as a field.

**AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER** - 9
Cause No. 2:17-cv-01361