HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOVANNA EDGE, an individual; LEAH HUMPHREY, an individual; LIBERTY ZISKA, an individual; AMELIA POWELL, an individual; NATALIE BJERKE, an individual; BRITTANY GIAZZI, an individual; JUANITA CASTANEDA GUERRERO, an individual; and MATTESON HERNANDEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF EVERETT, a Washington Municipal Corporation,<br><br>Defendant. | No. 2:17-cv-01361-RSM<br><br>CITY OF EVERETT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |

CITY OF EVERETT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Cause No. 2:17-cv-01361

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT IN REPLY .....................................................................................................1

    A. Plaintiffs' Vagueness Claims Should Be Dismissed. .................................................1

    B. The Ordinances Do Not Violate the First Amendment. .............................................1

    C. The Ordinances Do Not Violate Equal Protection. ....................................................4

        1. The Lewd Conduct Ordinance Appropriately Recognizes Men and Women Are Not Similar in the Context of Public Nudity. .............................................4

        2. The Dress Code Ordinance Does Not Violate Equal Protection. ........................6

        3. The Ordinances Pass Rational Basis Review. ......................................................8

    D. Plaintiffs' Substantive Due Process Claims Fail. .......................................................8

    E. Plaintiffs' State Law Claims Should Be Dismissed. ................................................10

III. RESPONSE TO MOTION TO STRIKE ............................................................................10

IV. CONCLUSION ...................................................................................................................12

CITY OF EVERETT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - i
Cause No. 2:17-cv-01361

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

## I. INTRODUCTION

In response to the City's motion, Plaintiffs ignore the factual record and primarily rely on their experts to argue that the City's Ordinances will not address secondary harms associated with the bikini barista business model and were motivated by a desire to "perpetuate the legal, social, and economic inferiority of women." Plaintiffs, however, fail to acknowledge Dr. Roberts' deposition testimony that undercuts her report and supports the City. Plaintiffs further ignore the substantial body of evidence supporting the City's reasons for adopting the Ordinances. And Plaintiffs attempt to assign nefarious motives to the Council's actions when no such motives exist. Plaintiffs cannot show the Ordinances are unconstitutional under any standard of review, and the Court should enter judgment for the City.

## II. ARGUMENT IN REPLY

**A.  Plaintiffs' Vagueness Claims Should Be Dismissed.**

Plaintiffs correctly concede their vagueness claims are foreclosed by the Ninth Circuit's decision in *Edge v. City of Everett*.[1] *See* Dkt. #82 at n.6. Those claims should be dismissed.

**B.  The Ordinances Do Not Violate the First Amendment.**

Plaintiffs do not contest dismissal of their First Amendment challenge to the Lewd Conduct Ordinance. That claim should be dismissed per the City's motion. Dkt. #74 at 11-12.

As to the Dress Code Ordinance, the Ninth Circuit in *Edge* held that "the mode of dress at issue in this case is not sufficiently communicative to merit First Amendment protection" and "the Dress Code Ordinance does not burden expressive conduct protected by the First Amendment[.]" 929 F.3d at 669-70. Plaintiffs nonetheless assert issues of fact remain on their First Amendment claim, seizing on the *Edge* Court's statement that the City must show the Ordinance "promotes a substantial government interest that would be achieved less effectively absent the regulation." *Id*. at 670. It is unclear why the Court did so given its holding that

---

[1] 929 F.3d 657 (9th Cir. 2019), *cert. denied sub nom.*, *Edge v. City of Everett, Wash.*, 140 S. Ct. 1297, 206 L. Ed. 2d 377 (2020).

CITY OF EVERETT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 1
Cause No. 2:17-cv-01361

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Plaintiffs' conduct is not expressive.[2] In any event, Plaintiffs have submitted this case on the same record the *Edge* Court considered in 2019. It is the law of the case that Plaintiffs' conduct is not protected by the First Amendment, and, thus, there is no basis to apply any level of scrutiny. *See Texas v. Johnson*, 491 U.S. 397, 403 (1989).[3]

Regardless, the Dress Code Ordinance "promotes a substantial government interest that would be achieved less effectively absent the regulation." *Ward*, 491 U.S. at 799 (quotation omitted). Under this narrow tailoring test, the Ordinance is not invalid "simply because there is some imaginable alternative that might be less burdensome on speech," and the City need not choose the "least restrictive" alternative. *Id*. at 797, 798-99 (quotations omitted). When a restriction prohibits conduct that is causing secondary harms, it is narrowly tailored because it is targeting the source of the harm. *See, e.g., One World One Family Now v. City and Cty. of Honolulu*, 76 F.3d 1009, 1014 (9th Cir. 1996). Here, the City's stated (and well supported) goal is to reduce crime and other negative secondary effects stemming from the bikini barista business model. Dkt. #1-2 at 4-5; Dkt. #9-1, 9-2, 9-3, 9-4; Dkt. #9-5 at 67-90; Dkt. #78 at 13-19. And the City's attempt to prevent these harms would be less effective without the Dress Code Ordinance, which establishes minimum dress requirements and makes it easier to detect violations and hold owners accountable. *See* Dkt. #9-1, 9-2; Dkt. #9-4 at 82-96; Dkt. #9-5 at 67-90; *see also City of Erie v. Pap's A.M.*, 529 U.S. 277, 300-01 (2000) (city council reasonably determined clothing requirement would reduce secondary harms related to nude dancing).

---

[2] The cited language describes the "narrow tailoring" portion of the intermediate scrutiny test applied to content-neutral regulations of **protected expression**. *See Recycle for Change v. City of Oakland*, 856 F.3d 666, 669-70, 674-75 (9th Cir. 2017); *Ward v. Rock Against Racism*, 491 U.S. 781, 798-99 (1989). The Ninth Circuit in *Edge* quoted *Rumsfeld v. Forum for Acad. & Inst. Rights, Inc.*, 547 U.S. 47 (2006) and *United States v. Albertini*, 472 U.S. 675 (1985) for this standard. In both *Rumsfeld* and *Albertini*, this language appeared in a section of the opinion that addressed whether the First Amendment was violated **even assuming the conduct at issue was expressive**. *Rumsfeld*, 547 U.S. at 67-68 ("[E]ven if the Solomon Amendment were regarded as regulating expressive conduct, it would not violate the First Amendment under [*United States v. O'Brien*, 391 U.S. 367 (1968)]."); *Albertini*, 472 U.S. at 687-88 (similar).

[3] *See also Knox v. Brnovich*, 907 F.3d 1167, 1181-82 (9th Cir. 2018) (where plaintiff failed to show particular conduct would reasonably be understood by viewers as conveying a message, law that restricted the same "[did] not implicate [her] First Amendment rights").

CITY OF EVERETT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 2
Cause No. 2:17-cv-01361

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Plaintiffs' claims to the contrary fail. First, Plaintiffs improperly rely on this Court's prior ruling on the constitutionality of the Dress Code Ordinance under the First Amendment that was vacated by the Ninth Circuit in *Edge* and has no legal effect. *See* Dkt. #78 at 4.

Second, to the extent the Court considers Plaintiffs' expert reports, they do not undercut the substantial body of evidence supporting the Dress Code Ordinance. Plaintiffs rely on Dr. Roberts' report in claiming that any link between clothing and assault is a "myth." Dkt. #82 at 26; Dkt. #77-1 at 10. As an initial matter, assault was only one of the secondary effects the City was addressing, and Plaintiffs fail to rebut the significant evidence of lewd conduct, prostitution, and other crimes connected to this business model. Regardless, Dr. Roberts admitted at deposition that dress was relevant to the harms the City observed at the stands. She agreed that the "essence" of the baristas' outfits is "female sex appeal" and those outfits "probably" contribute to the "hypersexualized" environment at the stands. Dkt. #80 at 56, 92 (Roberts Dep. at 19:21-23, 83:10-23). She also agreed that waitresses in similar sexualized establishments ("breastaurants") had sued for sexual harassment, were subjected to objectification, and that objectification of women impacts the likelihood that men engage in harassing or sexually aggressive behavior. *Id*. at 66-67, 86, 89 (Roberts Dep. at 38:16-39:9, 75:20-23, 80:3-12). Finally, she agreed that a dress code effectively eliminating this business model would prevent the harms the City had observed. *Id*. at 94, 97 (Roberts Dep. at 85:4-16, 88:2-7).

Relying on Mr. Keamy's expert report, Plaintiffs also claim the bikini barista stands are not the "primary cause of serious crime." Dkt. #82 at 26. But Mr. Keamy's analysis fails to account for significant levels of undetected and unreported crime occurring at the stands. *See* Dkt. #78 at 15-16; Dkt. #79 at 1-2. Moreover, Mr. Keamy's analysis hinges on two unsupported and/or faulty factual assumptions: First, that the City's 2013 crime evidence was the result of an "abnormal situation" or use of "questionable" police techniques, and second, that under "opportunity theory," crime is less likely because bikini barista stands "operate in open spaces[.]" Dkt. #77-2 at 9, 11-12. The City has moved to strike the first point as entirely baseless.

CITY OF EVERETT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 3
Cause No. 2:17-cv-01361

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

*See* Dkt. #78 at 25. It is also refuted by the record, which indicates that the 2013 crime spike was the result of extensive police sting activities, and that any drop in the identification of similar crimes since then is attributable to the City's decision to cease its expensive and time-consuming investigations and to instead pursue legislative options (the Ordinances) to address these issues. Dkt. #29 at 2-15, 18; Dkt. #9-4 at 92-95; Dkt. #9-5 at 67-90. And the second point is undermined by evidence that (1) the nature of the stands themselves (regardless of location) provides a degree of privacy fostering illegal acts, *see* Dkt. #29 at 16, Dkt. #9-5 at 87-88, and (2) natural and physical barriers provide more privacy at some stands. Dkt. #78 at 15; Dkt. #79 at 2, 5-8.

In sum, although Dr. Roberts and Mr. Keamy (and Plaintiffs) may disagree with how the City has chosen to approach these issues, that is not grounds for invalidating the Dress Code Ordinance.[4] Even if the Court applies the "narrow tailoring" prong of the First Amendment intermediate scrutiny test (which it should not), the Dress Code Ordinance meets that standard.

**C.      The Ordinances Do Not Violate Equal Protection.**

   **1.      The Lewd Conduct Ordinance Appropriately Recognizes Men and Women Are Not Similar in the Context of Public Nudity.**

Plaintiffs' equal protection challenge to the Lewd Conduct Ordinance fails. As an initial matter, Plaintiffs do not dispute that a number of courts have declined to apply any form of heightened scrutiny to lewd conduct laws because men and women are not similarly situated for purposes of nudity. Dkt. #74 at 13-14; Dkt. #78 at 5-6. Plaintiffs' own expert agreed there are physical differences between the female breast and male chest and there is a biological basis for treating the female breast as a sexual, erogenous part of the body. *See* Dkt. #80 at 110-12, 117-18 (Roberts Dep. at 109:19-110:8, 111:3-13, 122:10-123:4). Rational basis review applies here.

Regardless, the Ordinance meets intermediate scrutiny as discussed in the City's motion and opposition. *See* Dkt. #74 at 15-18; Dkt. #78 at 6-12. Plaintiffs raise two arguments in

---

[4] *See City of Renton v. Playtime Theatres, Inc*. 475 U.S. 41, 52 (1986) (the City "must be allowed a reasonable opportunity to experiment with solutions to admittedly serious problems." (quotations omitted)); *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425, 440 (2002) (city council "is in a better position than the Judiciary to gather and evaluate data on local problems").

CITY OF EVERETT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 4
Cause No. 2:17-cv-01361

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

response, both of which fail. First, Plaintiffs claim the City's evidence of community standards is inadmissible. But the City is not required to present "evidence" to support its lewd conduct laws; courts have generally treated governmental justifications for such laws as self-evident. *See* Dkt. #78 at 9. Regardless, the City properly relied on lay opinion testimony—as well as legislative history of a 2009 City ordinance on the same subject—to demonstrate that the Lewd Conduct Ordinance reflects community sentiments on public nudity. *See infra*; *see also* Dkt. #74 at 4-6, 15-16. Plaintiffs present no contrary evidence—indeed, their expert conceded she had not spoken to City community members about this issue. Dkt. #80 at 53-54 (Roberts Dep. at 8:15-9:6).

Second, relying on *Free the Nipple-Fort Collins v. City of Fort Collins*,[5] Plaintiffs claim the Lewd Conduct Ordinance fails intermediate scrutiny because it is allegedly grounded in impermissible stereotypes. Dkt. #82 at 19. But Dr. Roberts' deposition testimony in this case undermines her *Fort Collins* testimony, which served as the basis for the Court's conclusion that only stereotypes could explain treating women's breasts as sexual. Dkt. #80 at 104-07, 108-12, 117-18 (Roberts Dep. at 102:21-105:1; 107:11-108:23; 109:19-110:8; 111:3-13; 122:10-123:4); Dkt. #78 at 11-12. And Plaintiffs do not address the overwhelming majority of cases that hold otherwise other than to summarily claim a "substantial majority" of them predate *United States v. Virginia*, 518 U.S. 515 (1996). To the contrary, recent decisions—including cases decided after *Fort Collins*—adhere to the majority view even under *Virginia*'s heightened standard.[6]

In contrast to the *Fort Collins* minority view, the majority position accurately reflects the distinction the Supreme Court has made in equal protection cases between laws based on stereotypes—where gender is used as a proxy for some other sociological proposition—and laws like the one at issue here that regulate actual physical differences between the genders. *See* Dkt. #74 at 13-14. This is why the vast majority of other courts that have looked at this issue have

---

[5] 237 F. Supp. 3d 1126 (D. Colo. 2017), *aff'd*, 916 F.3d 792 (10th Cir. 2019).

[6] *See Free the Nipple - Springfield Residents Promoting Equal. v. City of Springfield*, 923 F.3d 508, 510 (8th Cir. 2019); *Eline v. Town of Ocean City*, 452 F. Supp. 3d 270, 281 (D. Md. 2020); *State v. Vogt*, 775 A.2d 551, 558-59 (N.J. Super. Ct. 2001); *Ways v. City of Lincoln*, 331 F.3d 596, 600 (8th Cir. 2003); *Buzzetti v. City of New York*, 140 F.3d 134, 141-44 (2d Cir. 1998).

CITY OF EVERETT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 5
Cause No. 2:17-cv-01361

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

recognized that the physiological and sexual distinctions between male and female breasts constitute "self-evident truths about the human condition[.]" *Hang On, Inc. v. City of Arlington*, 65 F.3d 1248, 1257 (5th Cir. 1995).[7] Accordingly, the Lewd Conduct Ordinance reflects not a gender stereotype, but a distinction grounded in material biological differences—the type of distinction courts routinely uphold. *See Nguyen v. I.N.S.*, 533 U.S. 53, 68 (2001).

### 2. The Dress Code Ordinance Does Not Violate Equal Protection.

Plaintiffs do not dispute the Dress Code Ordinance is facially neutral, but claim it is subject to intermediate scrutiny under three theories: (1) the Ordinance establishes an overtly or covertly gender-based classification, (2) the Ordinance disproportionately impacts women and was enacted for a discriminatory purpose, or (3) the Ordinance is ostensibly neutral but has been enforced in an invidiously discriminatory manner. Dkt. #82 at 16 (citing *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 274-76 (1979); *Yick v. Hopkins*, 118 U.S. 356, 373-74 (1886)). Theory (3) above is inapplicable here because the Ordinance has never been enforced and there is no evidence of invidious discrimination. *See, e.g., Korber v. City of Chicago*, No. 95 C 1480, 1995 WL 461837, at *3 (N.D. Ill. Aug. 1, 1995) (no discriminatory enforcement proven where plaintiff failed to show similarly situated persons against whom the law was not enforced); *Yick*, 118 U.S. at 373-74; *Williams v. Field*, 416 F.2d 483, 486 (9th Cir. 1969). Nor are Plaintiffs entitled to intermediate scrutiny under theories (1) or (2) above. *See* Dkt. #74 at 18-20; Dkt. #78 at 12-13. As evidence of covert discrimination or discriminatory intent, Plaintiffs point to portions of the City Attorney's presentation to Council. But viewed in its entirety, that presentation evidences intent to target secondary effects related to the bikini barista business model, not women in general. *See infra* n.8. And contrary to Plaintiffs' claim, the fact that

---

[7] *See also City of Springfield*, 923 F.3d at 511 (case did not involve the same "outdated gender stereotypes about the roles of men and women" as cases where gender-based laws were struck down); *Craft v. Hodel*, 683 F. Supp. 289, 300 (D. Mass. 1988) ("The Regulation does not serve to perpetuate a socially and culturally developed stereotype. It simply recognizes a physical difference between the sexes which has implications for the moral and aesthetic sensitivities of a substantial majority of the country.")

CITY OF EVERETT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 6
Cause No. 2:17-cv-01361

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

women work as bikini baristas or wear clothing subject to the Dress Code Ordinance does not alone show discriminatory purpose. *See* Dkt. #78 at 13. Rational basis is the proper standard.

Nevertheless, the Dress Code Ordinance satisfies intermediate scrutiny. The City has important government interests in reducing and preventing negative secondary effects and has presented evidence that would allow the Council to "reasonably believe[]" the Ordinance would help prevent those harms, meeting its initial burden. *World Wide Video of Wash., Inc. v. City of Spokane*, 368 F.3d 1186, 1194-96 & n.11 (2004) (quotation omitted); Dkt. #78 at 13-19; Dkt. #9-1, 9-2, 9-3, 9-4; Dkt. #9-5 at 67-90. Plaintiffs thus have the burden to cast direct doubt on the City's rationale, either by showing that the City's evidence does not support it or by supplying their own contrary actual and convincing evidence. *World Wide Video*, 368 F.3d at 1195.

Plaintiffs fail to meet their burden here. They rely nearly exclusively on this Court's prior injunction order, claiming the Court's First Amendment intermediate scrutiny analysis "remains the law of the case." Dkt. #82 at 20-21. It does not. The Ninth Circuit vacated this Court's injunction order and held the Court erred in applying intermediate scrutiny. *Edge*, 929 F.3d at 669-70. The vacated preliminary injunction order has no legal effect. Dkt. #78 at 4.

Regardless, this Court's prior intermediate scrutiny analysis failed to comport with well-settled legal standards. *See* Dkt. #78 at 13-15. The Court ignored relevant studies and testimony and inaccurately reassessed the legislative record, claiming it contained data from "years ago" involving "two individuals who have since been convicted." Dkt. #55 at 11. The legislative record in fact includes police reports from several departments documenting criminal conduct at stands owned by at least four different individuals and involving approximately 30 different baristas. Dkt. #9-1, 9-2, 9-3; Dkt. #29 at 2-15. If this Court applies intermediate scrutiny, it should reject its prior analysis and apply the standards described in the City's opposition.

Finally, Plaintiffs' reliance on Dr. Roberts' and Mr. Keamy's expert reports is misplaced for the reasons stated above and in the City's opposition brief. *See supra*; *see also* Dkt. #78 at 15-19; *Alameda Books*, 535 U.S. at 437-38 (city not required to prove its interpretation of the

CITY OF EVERETT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 7
Cause No. 2:17-cv-01361

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

evidence is the only one that is plausible); *Ctr. For Fair Pub. Policy v. Maricopa Cty.*, 336 F.3d 1153, 1168 (9th Cir. 2003); *World Wide Video*, 368 F.3d at 1196.

### 3. The Ordinances Pass Rational Basis Review.

Because the Ordinances pass intermediate scrutiny, both Ordinances also satisfy the lesser rational basis standard. *See* Dkt. #74 at 15-20; Dkt. #78 at 6-24. Plaintiffs contend the Ordinances fail rational basis review because they are allegedly "discriminations of an unusual character" motivated by improper animus, Dkt. #82 at 21-23, but for the reasons discussed in the City's opposition brief, the animus line of authority is inapplicable here. *See* Dkt. #78 at 19-23.

In summary, the record makes clear that the City acted to regulate a **business model** with demonstrated secondary effects, not out of animus, fear, prejudice, or bias against bikinis, bikini baristas as a group, or women more generally. *See* Dkt. #78 at 21-23.[8] Courts routinely reject similar "targeting" arguments in the context of laws aimed at reducing secondary effects of sexually-oriented businesses.[9] The Ordinances here are no different.

### D. Plaintiffs' Substantive Due Process Claims Fail.

Plaintiffs fail to show either Ordinance violates substantive due process. Even if this Court recognizes a limited "liberty interest" in choice of clothing,[10] Plaintiffs have not shown the Ordinances are "so irrational that [they] may be branded 'arbitrary[.]'" *Kelley v. Johnson*, 425 U.S. 238, 248 (1976).[11] They first allege that laws restricting dress are not related to the City's identified harms, but this claim is belied by the extensive record in this case and Plaintiffs' own

---

[8] Plaintiffs base their animus claims on selected statements from the City Attorney's presentation to the City Council that Plaintiffs take out of context. The City encourages the Court to review the entire presentation and accompanying PowerPoint slides (Dkt. #9-5 at 65-100, Dkt. #9-4 at 82-96). A video of the presentation is also available at https://everett.granicus.com/MediaPlayer.php?view_id=4&clip_id=1452&meta_id=70220 (last accessed March 13, 2021). Considered in full, it is clear the City was concerned with secondary effects emanating from the bikini barista business model, not with bikinis or the women wearing them.

[9] *See, e.g.*, *Hart Book Stores, Inc. v. Edmisten*, 612 F.2d 821, 831 (4th Cir. 1979) ("Special regulation of one commercial enterprise with particular externalities but not of other enterprises lacking those secondary effects has long been recognized not to violate equal protection.").

[10] Plaintiffs cite no case in which the Ninth Circuit has recognized a liberty interest in clothing or personal appearance; to the contrary, they acknowledge that the Ninth Circuit rejected a similar argument in the context of school dress codes. Dkt. #82 at 23; *King v. Saddleback Jr. Coll. Dist.*, 445 F.2d 932, 940 (9th Cir. 1971).

[11] Plaintiffs admit rational basis review is the proper standard. Dkt. #82 at 24.

CITY OF EVERETT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 8
Cause No. 2:17-cv-01361

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

expert's testimony, which indicates dress is in fact related to harms the City seeks to prevent. *See supra*. Plaintiffs also rely on Dr. Roberts' report in claiming exposure to nudity is beneficial rather than harmful—a claim she admitted in her deposition was speculative when "stranger" nudity, as opposed to parental nudity, is involved. Dkt. #80 at 76-77 (Roberts Dep. at 53:21-54:12); *see also* Dkt. #78 at 10-11. Dr. Roberts also acknowledged numerous secondary harms associated with the stands, and stated she would "commend" efforts to stop those harms from occurring. Dkt. #80 at 92-102 (Roberts Dep. at 83:10-93:16).

Plaintiffs also claim the Ordinances are arbitrary because they "list how much of female body parts must be covered, as well as clothing length restrictions, without providing any reasoning behind these chosen measurements." Dkt. #82 at 24. But the City is not required to state its rationale for particular legislative choices, nor should this Court substitute its judgment for the City's. *See Colacurcio v. City of Kent*, 163 F.3d 545, 553-54 (9th Cir. 1998) ("The courts have emphasized that judges should not supplant the legislature's role in developing the most appropriate methods for achieving government purposes" and should leave the "fine-tuning" of the legislation to the city); *see also United States v. Navarro*, 800 F.3d 1104, 1114 (9th Cir. 2015). The Ordinances meet rational basis review.

Nor do the Ordinances infringe on Plaintiffs' right to engage in an occupation. Even if narrowly defined as the right to work as a "bikini barista,"[12] the Ordinances do not prohibit Plaintiffs from doing so, and their substantive due process claim accordingly fails. *See Franceschi v. Yee*, 887 F.3d 927, 938 (9th Cir. 2018); *see also* Dkt. #78 at 22 (noting ways Plaintiffs can still work as bikini baristas). As such, Plaintiffs' infringement of occupation claim

---

[12] For the reasons stated in its motion, the City maintains that the relevant occupation here is the coffee service business more generally, not service of coffee at particular establishments while wearing bikinis. *See* Dkt. #74 at 22. Plaintiffs cite *Cornwell v. Cal. Bd. of Barbering & Cosmetology*, 962 F. Supp. 1260, 1274-77 (S.D. Cal. 1997), for their narrow construction of the profession at issue, but that case treated "African hair styling" as a profession separate from "cosmetology" based on its recognized historical, cultural, and artistic importance and numerous material distinctions between African hair styling and cosmetology styling. *Id.* at 1263-64, 1271-73. Plaintiffs have identified no such material distinctions between coffee service at bikini barista stands versus Starbucks.

CITY OF EVERETT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 9
Cause No. 2:17-cv-01361

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

essentially amounts to an alleged right to serve coffee from a drive-through window while wearing pasties and g-strings. They cite no authority, nor is there any, supporting such a right.

### E. Plaintiffs' State Law Claims Should Be Dismissed.

Plaintiffs do not dispute that their free speech, overbreadth, and vagueness claims under article I, section 5 of the Washington Constitution are subject to the same analysis as the corollary federal claims. Those claims should be dismissed. *See* Dkt. #74 at 12, 24.

Regarding equal protection, prior to their response brief, Plaintiffs had never asserted a claim based on Washington's Equal Rights Amendment (Wash. Const. art. XXXI)—likely because the Washington Supreme Court rejected an identical challenge to a lewd conduct law based on that provision and other constitutional provisions. *City of Seattle v. Buchanan*, 584 P.2d 918, 921 (1978); *see also* Dkt. #82 at 27 (*Buchanan* "concluded that because the law does not classify based on sex, no federal or state constitutional provisions were triggered."). Because Plaintiffs did not plead it, the Equal Rights Amendment is not properly before the Court.[13]

Moreover, because the Washington Supreme Court has already resolved this issue, there is also no basis for this Court to "certify" it. *See* Wash. Rev. Code § 2.60.020 (permitting certification when "the local law has not been clearly determined"); *see also* Wash. R. App. P. 16.16; *Nw. Laborers-Emps. Health & Sec. Trust Fund v. Philip Morris, Inc.*, 58 F. Supp. 2d 1211, 1216 (W.D. Wash. 1999).

### III. RESPONSE TO MOTION TO STRIKE

Plaintiffs provide no basis for this Court to strike any evidence from the record. They first challenge the Ramerman declaration and exhibits, alleging the City's submission of materials related to the City's 2009 amendments to its lewd conduct laws violates the parties' Joint Stipulation and Order Regarding Case Schedule.[14] Plaintiffs are wrong. As an initial matter, the

---

[13] *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292-94 (9th Cir. 2000) (upholding dismissal of theory raised for the first time at summary judgment); *Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 435 (9th Cir. 2011) (claim raised in opposition to summary judgment motion was not properly before the district court).

[14] *See* Dkt. #73 at 3 (City agreed to "rely on the factual record already presented to the Court during the preliminary injunction proceedings, with the exception of additional factual testimony or records responsive to any new issues raised by Plaintiffs or Plaintiffs' experts, or any expert designations of its own[.]").

CITY OF EVERETT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 10
Cause No. 2:17-cv-01361

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

challenged materials—a Council agenda packet and testimony from the Council's September 30, 2009 meeting regarding the proposed amendments—constitute legislative history[15] of which this Court may take judicial notice. *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012).[16] The City requests the Court take judicial notice of these materials. *See* Fed. R. Evid. 201(c).

Regardless, even if considered "factual," the materials are responsive to Plaintiffs' expert reports, consistent with the parties' stipulation. Plaintiffs' experts opined that public exposure to female breasts and/or the outfits worn at the bikini barista stands caused no harm, did not impact aesthetics or property values, and was not a significant cause of crime in the City. *See* Dkt. #77-1 at 5-6, 9, 12-13, 17; Dkt. #77-2 at 6-9, 11-14. The City uses the public testimony at the 2009 Council meeting to preemptively and directly refute those points. *See* Dkt. #74 at 2, 6, 15-16.

Nor are the 2009 materials "irrelevant" as Plaintiffs claim. The 2009 meeting involved the same problem and was even referenced in the July 2017 hearing. *See* Dkt. #9-5 at 93. And an act's legal history, including "prior statutes on the same subject," may be used to evaluate the act's purpose and "help clarify the reasons why lawmakers enacted the statute at issue." 2A SUTHERLAND STATUTORY CONSTRUCTION §§ 48.3, 57.4 (7th ed. 2020). That is exactly the purpose for which the City has offered the 2009 materials. *See* Dkt. #74 at 4-6, 15.

Second, Plaintiffs' motion to strike portions of Sgt. Collier's declaration testimony should be denied for the reasons stated in the City's opposition. *See* Dkt. #78 at 19. Sgt. Collier's declaration was already in the record and he is not a reporting expert subject to "designation." Nor do any of the specifically challenged paragraphs constitute expert testimony. Where a law

---

[15] Plaintiffs do not dispute these materials are legislative history. *See Dist. Of Columbia v. Heller*, 554 U.S. 570, 605 (2008) (legislative history "refers to the pre-enactment statements of those who drafted or voted for a law"); BLACK'S LAW DICTIONARY (11th ed. 2019) ("legislative history" includes "hearings, committee reports, and floor debates"). Though Plaintiffs claim the materials are "factual" rather than "legal" in nature because the City discussed them in the fact section of its motion, they cite no authority, and the City is aware of none, that would convert legislative history into improper factual material simply based on where it appears in the brief.

[16] Moreover, the agenda packet and the video of the full Council meeting are available on the City's website, and are judicially noticeable for that additional reason. *See* https://everett.granicus.com/MediaPlayer.php?view_id=4&clip_id=54 (last accessed March 12, 2021); *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1007 n.5 (W.D. Wash. 2019) ("Information published on government websites, including legislative history, is a proper subject of judicial notice.").

| | |
|---|---|
| CITY OF EVERETT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 11<br>Cause No. 2:17-cv-01361 | PACIFICA LAW GROUP LLP<br>1191 SECOND AVENUE<br>SUITE 2000<br>SEATTLE, WASHINGTON 98101-3404<br>TELEPHONE: (206) 245.1700<br>FACSIMILE: (206) 245.1750 |

enforcement officer testifies based on personal knowledge obtained during an investigation, that testimony constitutes lay opinion (not expert) testimony. *United States v. Barragan*, 871 F.3d 689, 703-04 (9th Cir. 2017); *see also United States v. Perez*, 962 F.3d 420, 436 (9th Cir. 2020). Review of Sgt. Collier's declaration in its entirety demonstrates the challenged paragraphs state opinions grounded in his personal involvement in ongoing investigations and development of new ordinances intended to address secondary harms emanating from bikini barista stands. Dkt. #29. This is lay opinion testimony.

Finally, Plaintiffs claim the City has improperly incorporated prior briefing. Plaintiffs' cited cases address incorporation of substantive arguments made in other parts of the record. In contrast, here the City incorporated the facts from its injunction briefing as a means to avoid repetition of the extensively briefed facts in this case. Regardless, the City discussed and cited the relevant facts throughout its motion. *See* Dkt. #74. There is no basis to strike this material.[17]

### IV. CONCLUSION

Plaintiffs cannot prevail on any of their remaining claims. The City's motion for summary judgment should be granted in full.

DATED this 12th day of March, 2021.

| CITY OF EVERETT | PACIFICA LAW GROUP LLP |
|---|---|
| By */s/Ramsey Ramerman* <br>    Ramsey Ramerman, WSBA #30423 | By */s/Matthew J. Segal* <br>    Matthew J. Segal, WSBA #29797 <br>    Sarah C. Johnson, WSBA #34529 <br>    Sarah S. Washburn, WSBA #44418 |

ATTORNEYS FOR DEFENDANT CITY OF EVERETT

---

[17] To the extent Plaintiffs intend to challenge the City's incorporation of its summary judgment motion and opposition briefing in this reply, any such argument should be rejected. *See Rindlisbacher v. Steinway Incorp.*, No. CV-18-01131-PHX-MTL, 2020 WL 8673999, at *2-3 (D. Ariz. Jul. 31, 2020).

CITY OF EVERETT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 12
Cause No. 2:17-cv-01361

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March, 2021, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all parties who are registered with the CM/ECF system.

DATED this 12th day of March, 2021.

_____
Dawn M. Taylor

CITY OF EVERETT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 13
Cause No. 2:17-cv-01361

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750